Whitaker, Judge,
delivered the opinion of the court:
On August 6, 1938, the defendant purchased from the plaintiff 3,504 gallons of rust preventive compound under purchase order M-280 (Case No. 45546). The compound was to be delivered to the Benicia Arsenal Wharf in California. Upon arrival it was subjected to tests to ascertain whether or not it complied with the specifications.
On November 14, 1938, the San Francisco laboratory of the National Bureau of Standards, United States Department of Commerce, reported to the commanding officer of the Benicia Arsenal that the compound did not comply with the specifications as to adhesion. Defendant’s representatives accordingly notified plaintiff that the compound had been rejected and replacement thereof was demanded.
Plaintiff protested vigorously. It had a test made by a firm of Philadelphia chemists, who reported on November 26, 1938, that the compound satisfactorily stood the adhesion test. A firm of San Francisco chemists also reported that it satisfactorily stood the adhesion test. The San Francisco laboratory of the National Bureau of Standards then made other tests, one on December 1, 1938, another on December 20, 1938, and another on December 30, 1938. All tests by it showed that the compound did not meet the specifications as to adhesion. As a result thereof the materials, delivered were rejected and plaintiff’s right to deliver further amounts was terminated on January 9,1939.
Prior thereto, on December 15, 1938, the plaintiff presented the controversy to the Chief of the Bureau of Ordnance in Washington. In reply that office notified plaintiff that a test would be made by the National Bureau of Standards in Washington, D. C. That test indicated that the compound satisfactorily complied with the specifications, and the commanding officer at Benicia Arsenal was sa notified. The commanding officer replied, however, that all *173 tests by the San Francisco office of the Bureau of Standards had showed failure of the adhesion test, and said that he deemed it inadvisable to accept the material. On January 20,1939, the Bureau of Ordnance replied, saying that a further test had been made by it and that this showed failure of adhesion. It, therefore, cancelled its recommendation for the acceptance of the compound.
In view of plaintiff’s refusal to replace the defective material with satisfactory material, it was necessary for defendant to purchase other material on the open market. This it did at an excess cost of $1,182.91. This amount the defendant demands the right to collect from the plaintiff. In fact, the defendant has already deducted this amount from amounts due plaintiff under two other contracts, for which plaintiff sues in cases Nos. 45544 and 45545.
In case No. 45545, under purchase order No. 4968, the defendant purchased from plaintiff 216 cans of calcium hypo-chlorite at an agreed price of $233.09. This material was delivered and accepted, but the purchase price of it was applied against the above amount of $1,182.91, and has not been paid plaintiff. The balance of the $1,182.91 the defendant deducted from the amount due for 5,000 drums of cresol purchased from plaintiff under purchase order M-46993, case No. 45544.
The issue in all three cases, therefore, is whether or not the rust preventive compound was properly rejected as not complying with the specifications.
The purchase orders provided for inspection of the material and for the rejection of such material as did not comply with the specifications. After a number of tests the contracting officer decided that the materials did not comply with the specifications. The matter was presented to the Chief of the Bureau of Ordnance and while that Bureau at first recommended acceptance of the compound, it later can-celled this recommendation because further tests showed it did not comply with the specifications.
Paragraph 12 of the purchase order provided :
Except as otherwise specifically provided in this Purchase Order, all disputes concerning questions of fact arising under this Purchase Order shall be decided by *174 the contracting officer or his duly authorized representative, subject to written appeal by the contractor within thirty days to the head of the department concerned, whose decision shall be final and conclusive upon the parties hereto as to such questions of fact. * * *
Whether or not it did comply with the specifications is clearly a question of fact, and the parties to whom the settlement of this question was committed by the contracts have decided it against plaintiff. Plaintiff, therefore, is not entitled to recover in these cases. Fleisher Engineering & Construction Co. et al. v. United States, 98 C. Cls. 139, 155. The petitions are dismissed. It is so ordered.
MaddeN, Judge; LitteltoN, Judge; and Whaley, Chief Justice, concur.
JONES, Judge, took no part in the decision of this case.